IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

CLICK-TO-CALL TECHNOLOGIES LP,
Plaintiff,

-vs-  Case No. A-12-CA-465-SS

INGENIO, INC.; YELLOWPAGES.COM LLC;
ETHER, a Division of Ingenio, Inc.; and
INGENIO, INC. d/b/a Keen,
Defendants.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendants' Motion to Stay Pending *Inter Partes* Review [#144], Plaintiff Click-to-Call Technologies LP's Response [#145], and Defendants' Reply [#146]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

Plaintiff Click-to-Call Technologies LP brought this patent infringement suit against Defendants Ingenio, Inc., Yellowpages.com LLC, Ether, and Keen, claiming Defendants infringe United States Patent Number 5,818,836 C1 (the '836 Patent). On August 16, 2013, this Court entered a consolidated *Markman* Order in this case and two others involving the '836 Patent. On October 30, 2013, the United States Patent and Trademark Office, through the Patent Trial and Appeal Board (PTAB), granted Defendants' petition and instituted *inter partes* review of several claims of the '836

Patent, including all but one of the claims asserted in this case. Defendants now move to stay this case pending the outcome of the *inter partes* review.

## Analysis

### I. Legal Standard

With the passage of the America Invents Act, Congress replaced the former *inter partes* reexamination process with the *inter partes* review process. *Abbott Labs. v. Cordis Corp.*, 710 F.3d 1318, 1326 (Fed. Cir. 2013). Defendants sought, and has now obtained, *inter partes* review of the '836 Patent. *See* 35 U.S.C. § 311. This Court's inherent power to manage its docket includes "the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988). "In deciding whether to stay litigation pending reexamination, courts typically consider: (1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005).[1]

### II. Application

Turning to the first factor, Click-to-Call argues it will be prejudiced by a stay because the *inter partes* review and appeal process could extend beyond the trial date in this case, and the stay could hamper Click-to-Call's efforts to license the '836 Patent to other parties. The Court is unpersuaded by these generic arguments. Although it is true an appeal of the PTAB's review decision may extend past this case's June 2015 trial date, the PTAB has already determined "there

---

[1] Though this three-factor test originated in the *inter partes* reexamination context, courts have continued to apply it when considering stays pending *inter partes* review. *E.g.*, *Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*, No. SACV 12-21-JST (JPRx), 2012 WL 7170593, at *1 & n.1 (C.D. Cal. Dec. 19, 2012).

is a reasonable likelihood" Defendants will succeed on their challenge to the '836 Patent. 35 U.S.C. § 314(a). Proceeding to trial could therefore prove to be extraordinarily wasteful of both the parties' resources and the Court's resources.[2] This is particularly true given the PTAB's recent decisions in similar post-grant review cases, where it has shown it has little regard for final judgments rendered after trial to a jury, even when those verdicts have been affirmed by the Federal Circuit. Additionally, it is unclear why anyone would license a patent currently undergoing *inter partes* review given the PTAB's high standard for granting review in the first instance.

With regard to the second factor, a stay could certainly simplify the issues in this case—most obviously, a finding of invalidity as to all but one of the claims to be asserted at trial in this case will simplify the trial, or any dispositive motions preceding the trial. If Defendants are unsuccessful before the PTAB, the issues in this case will still be narrowed, because Defendants will be estopped from raising the same invalidity contentions again in this Court. 35 U.S.C. § 315(e)(2). The fact Click-to-Call has other cases pending in this Court, asserting other claims not subject to this *inter partes* review process, is irrelevant to whether *this case* will be simplified by a stay.[3] Finally, although the parties both attempt to read the tea leaves and extract a statistical likelihood of success before the PTAB, this Court need not look beyond the PTAB's threshold statutory requirement for granting review—"a reasonable likelihood that the petitioner [will] prevail." 35 U.S.C. § 314(a).

Third, although post-*Markman* discovery in this case may have only recently begun, and a trial date has been set, it simply makes no sense for this Court to proceed in parallel with the PTAB.

---

[2] In the interim, the Court will have no difficulty filling its dance card with the names of other, equally eager litigants.

[3] Additionally, the Court has since stayed one of those cases, brought against Oracle, based on the same *inter partes* review grant at issue in this case.

The finality of any judgment rendered by this Court will be dubious so long as the PTAB retains authority to review, and therefore invalidate, the asserted claims. This has consistently been the Court's position with regard to stays under the new America Invents Act procedures. *See, e.g., Versata Software, Inc. v. Volusion, Inc.*, No. 1:12-CV-893-SS, slip op. at 3–6 (W.D. Tex. June 20, 2013) (granting motion to stay pending instituted review through PTAB's covered business methods procedure); *Nat'l Oilwell Varco, L.P. v. Omron Oilfield & Marine, Inc.*, No. 1:12-CV-773-SS, slip op. at 2–3 (W.D. Tex. June 10, 2013) (denying motion to stay pending where PTAB had not yet granted petition to institute *inter partes* review).

In sum, once the PTAB has determined a challenger is likely to succeed in invalidating all but one of the asserted claims of the patent-in-suit and has instituted *inter partes* review, staying the case to await the PTAB's final decision is the preferable route. The Court will therefore grant the motion to stay.

## Conclusion

Accordingly,

IT IS ORDERED that Defendants' Motion to Stay Pending *Inter Partes* Review [#144] is GRANTED;

IT IS FINALLY ORDERED that this case is STAYED until further order of the Court.

SIGNED this the 5th day of December 2013.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE