# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| CLICK-TO-CALL TECHNOLOGIES LP,<br>    *Plaintiff*<br><br>v.<br><br>INGENIO, INC.; THRYV, INC.; ETHER, a division of INGENIO, INC.; and INGENIO, INC. d/b/a KEEN,<br>    *Defendants* | §§§§§§§§§§§    **Case No. 1:12-cv-00465-LY** |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:    THE HONORABLE LEE YEAKEL**
           **UNITED STATES DISTRICT JUDGE**

Before the Court are Defendants' Motion for Summary Judgment of Invalidity, filed October 20, 2020 (Dkt. 194); Plaintiff Click-to-Call's Response to Defendants' Motion for Summary Judgment, filed November 10, 2020 (Dkt. 195); Reply in Support of Defendants' Motion for Summary Judgment of Invalidity, filed November 24, 2020 (Dkt. 198); Plaintiff Click-to-Call's Sur-reply in Opposition to Defendants' Motion for Summary Judgment, filed December 4, 2020 (Dkt. 205); Defendant Thryv, Inc.'s Motion to Exclude Certain Testimony and Opinions of Dr. Vijay K. Madisetti and Brief in Support, filed March 26, 2021 (Dkt. 212); and Plaintiff Click-to-Call's Response to Defendants' Motion to Exclude Certain Testimony and Opinions of Dr. Vijay K. Madisetti, filed April 2, 2021 (Dkt. 214). On April 6, 2021, the District Court referred the motions to the undersigned Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 215.

## I. Introduction

Plaintiff Click-to-Call Technologies, LP (Click-to-Call) owns U.S. Patent No. 5,818,836 (the '836 patent), entitled "Method and Apparatus for Anonymous Voice Communication Using an Online Data Service." Dkt. 194-7 at 2. The patent covers a system and method for establishing anonymous telephone communications over the internet. *Id.*; Dkt. 194-3 at 4. On May 29, 2012, Click-to-Call filed three infringement suits against Defendants Ingenio, Inc.; Thryv, Inc. (Thryv); Ether, a division of Ingenio, Inc.; Ingenio, Inc. d/b/a Keen (collectively, Defendants); and others.[1] Defendants assert invalidity as an affirmative defense. Dkt. 62 at 5.

Defendants now move for summary judgment under Federal Rule of Civil Procedure 56. Defendants also ask the Court to exclude the testimony of Plaintiff's expert Dr. Vijay Madisetti on the basis that his opinions are legal opinions that embrace ultimate issues of law.

## II. Background

Click-to-Call's '836 Patent has a lengthy history before the U.S. Patent and Trademark Office (PTO) and this Court. In 2008, the PTO issued an Ex Parte Reexamination Certificate cancelling six of the patent's original claims, amending fifteen claims, and adding nine new claims. Dkt. 88-5 at 4; Dkt. 194-7 at 24-26.

In May 2013, Defendants, along with then co-defendant Oracle Corporation, petitioned the PTO's Patent Trial and Appeal Board (the PTAB or Board) to institute *inter partes* review (IPR) of certain claims of the '836 patent. Dkt. 194-1. Defendants asserted that the claims were invalid as anticipated by prior art, including U.S. Patent No. 5,991,394 (the Dezonno patent). *Id.* at 19; Dkt. 194-6.

---

[1] While this action was stayed, mergers and a corporate name change altered the parties' names. Dkt. 188. The other two cases were dismissed with prejudice pursuant to stipulation. No. 1:12-cv-468-LY; No. 1:12-cv-469-SS.

2

In August 2013, the Court issued a Consolidated *Markman* Order construing the claim terms under the "ordinary-and-customary-meaning" standard. Dkt. 137. The Court then ordered Click-to-Call to narrow its case to eight claims. Dkt. 138 ¶ 1. On October 11, 2013, Click-to-Call selected claims 1, 2, 8, 12, 13, 16, 26, and 27 for trial. Dkt. 139. On October 30, 2013, the PTAB granted Thryv's petition for IPR of seven of these claims – all but claim 27 – along with six others,[2] based on the "reasonable likelihood" that Thryv would prevail in establishing the claims as unpatentable. Dkt. 194-2 at 3. The Court then stayed this action pending the outcome of the IPR. Dkt. 147. The Court noted that only one claim – that is, claim 27 – would remain in the District Court action should Defendants be successful in the IPR. *Id.* at 4.

The PTAB conducted an IPR trial and issued its Final Written Decision based on the "broadest reasonable interpretation" standard. Dkt. 194-3 at 9. The PTAB held that claims 1, 2, 8, 12, 13, 15, 16, 19, 22, 23, 26, 29, and 30 were invalid due to the Dezonno patent alone or in combination with other prior art. *Id.* at 27-28. Click-to-Call appealed the PTAB's decision to the Federal Circuit, arguing that the IPR should not have been instituted because it was time-barred. *Click-to-Call Techs., LP v. Ingenio, Inc.*, 899 F.3d 1321 (Fed. Cir. 2018). The Federal Circuit ordered the PTAB to dismiss the IPR. *Id.* at 1341-42. The United States Supreme Court granted certiorari, and on April 20, 2020, ruled that the PTAB's decision to institute was not appealable. *Thryv, Inc. v. Click-to-Call Techs., LP*, 140 S. Ct. 1367, 1377 (2020). The PTAB's Final Written Decision on the '836 patent therefore became final.

In a Joint Status Report filed July 24, 2020, Click-to-Call stated that it intended to litigate the asserted claims that it contends were not affected by the IPR proceeding: claims 24, 27, and 28. Dkt. 184 at 1. The District Court lifted the stay of this case on August 13, 2020. Dkt. 189.

---

[2] The six additional claims are 15, 19, 22, 23, 29, and 30.

### III.     Motion for Summary Judgment

**A.  Legal Standard**

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials, and any affidavits on file show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. A court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *see also Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation also are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports its claim. *Adams v. Travelers Indem. Co. of*

*Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

**B. Summary Judgment Record**

Defendants submitted the following summary judgment evidence:

1. Defendants' Petition for *Inter Partes* Review (Exh. A, Dkt. 194-1);
2. PTAB Institution of *Inter Partes* Review (Exh. B, Dkt. 194-2);
3. PTAB Final Written Decision (Exh. C, Dkt. 194-3);
4. Click-to-Call's Infringement Contentions as to Yellowpages.com (Exh. D, Dkt. 194-4);
5. Click-to-Call's Infringement Contentions as to Keen.com (Exh. E, Dkt. 194-5);
6. A copy of the Dezonno patent (Exh. F, Dkt. 194-6); and
7. A copy of the '836 patent (Exh. G, Dkt. 194-7).

Plaintiff submitted as summary judgment evidence the Declaration of Daniel J. Shih (Dkt. 196) and its attached exhibits, comprising IPR Declarations from five individuals:

1. Stephen C. DuVal (Exh. 1, Dkt. 196-1 through 196-5);
2. Robert Shinn (Exh. 2, Dkt. 196-6);
3. Simon Clement (Exh. 3, Dkt. 196-7);
4. Doug Martin (Exh. 4, Dkt. 196-8); and
5. Ben J. Yorks (Exh. 5, Dkts. 196-9 and 196-10).

**C. Analysis**

Defendants argue that the Court should grant summary judgment because (1) Click-to-Call is collaterally estopped from relitigating the PTAB's invalidity decision on the IPR claims, and (2) there is no genuine issue of material fact that Click-to-Call's sole remaining claim in this litigation, claim 27, is invalid as anticipated by the Dezonno patent. Click-to-Call disputes that the

PTAB's invalidity decision has preclusive effect in this litigation. Click-to-Call also argues that Defendants are estopped from asserting the Dezonno patent against claim 27 as well as claims 24 and 28, which it contends also remain in this action.

### 1. Issue Preclusion Relating to IPR Proceeding

Defendants first argue that Click-to-Call is collaterally estopped from relitigating the PTAB's invalidity decision on the IPR claims. Click-to-Call responds that the different standards for claim construction applied by the PTAB and the district court prevents the Final Written Decision from having preclusive effect. Dkt. 195 at 11. Specifically, Click-to-Call contends that the PTAB's application of the "broadest reasonable interpretation" standard resulted in variations in claim construction that could affect the validity determination. Dkt. 195 at 10-15.

Issue preclusion "promotes the interests of judicial economy by treating specific issues of fact or law that are validly and necessarily determined between two parties as final and conclusive." *United States v. Shanbaum*, 10 F.3d 305, 311 (5th Cir. 1994). Preclusion often applies where a single issue is before a court and an administrative agency. *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 148 (2015). The Federal Circuit has held that "an affirmance of an invalidity finding, whether from a district court or the Board, has a collateral estoppel effect on all pending or co-pending actions." *XY, LLC v. Trans Ova Genetics*, 890 F.3d 1282, 1294 (Fed. Cir. 2018). "When a claim is invalidated at the PTAB, and that decision is made final, the cancellation of the claim carries preclusive effect in a co-pending litigation because the cause of action is extinguished." *Papst Licensing GmbH & Co., KG v. Samsung Elecs. Co., Ltd.*, 403 F. Supp. 3d 571, 601-02 (E.D. Tex. 2019).

In patent infringement actions, the Federal Circuit applies the law of the regional circuit to procedural questions involving issue preclusion. *Soverain Software LLC v. Victoria's Secret*

*Direct Brand Mgmt.*, LLC, 778 F.3d 1311, 1314 (Fed. Cir. 2015). In the Fifth Circuit, issue preclusion applies if four conditions are met:

1. The issue under consideration in a subsequent action must be identical to the issue litigated in a prior action.

2. The issue must have been fully and vigorously litigated in the prior action.

3. The issue must have been necessary to support the judgment in the prior case.

4. There must be no special circumstance that would render preclusion inappropriate or unfair.

*State Farm Mut. Auto. Ins. Co. v. LogistiCare Sols., LLC*, 751 F.3d 684, 689 (5th Cir. 2014).

The conditions for issue preclusion are satisfied in this case. First, the validity of certain claims of the '836 patent was litigated in the IPR, which is identical to the issue before the Court. Second, the parties fully and vigorously litigated the validity of the claims in the IPR and subsequent appeals. The PTAB conducted a full IPR trial on the merits of the parties' contentions that resulted in a Final Written Decision. Dkt. 194-3. Click-to-Call then appealed the PTAB's decision to the Federal Circuit, which issued a decision that Defendants challenged before the Supreme Court. Third, the validity of the claims of the '836 patent was the sole inquiry in the IPR and therefore was necessary to support the PTAB's Final Written Decision.

Finally, Click-to-Call has not shown any special circumstance in this litigation that would render issue preclusion inappropriate or unfair. *See Fresenius USA, Inc. v. Baxter Int'l, Inc.,* 721 F.3d 1330, 1344 (Fed. Cir. 2013) (stating that "there is no basis for distinguishing between the effects of a final, affirmed court decision determining invalidity and a final, affirmed PTO decision determining invalidity on a pending litigation"); *Cisco Sys., Inc. v. Capella Photonics, Inc.*, No. 20-cv-01858-EMC, 2020 WL 4923697, at *4 (N.D. Cal. Aug. 21, 2020) (stating that "logic and precedent suggest that the PTAB determination should be given preclusive effect"); *Intellectual Ventures I, LLC v. Lenovo Grp. Ltd.*, 370 F. Supp. 3d 251, 257 (D. Mass. 2019)

(finding that different claim construction standard in IPR did not prevent issue preclusion in a district court action because the patent holder may no longer assert a claim in any forum once the PTAB finds the claim unpatentable).

### 2. Remaining Claims

Having found that Click-to-Call is collaterally estopped from relitigating the PTAB's invalidity determination on the IPR claims, the Court must determine what claims remain for trial. Click-to-Call asserts that claims 24, 27, and 28 were not part of the IPR and therefore may be asserted against Defendants. Defendants contend that only claim 27 remains.

Courts generally refuse to reopen what has been decided previously. *Coliseum Square Ass'n, Inc. v. Jackson*, 465 F.3d 215, 246 (5th Cir. 2006) (citing *Messinger v. Anderson*, 225 U.S. 436, 443 (1912)). Pursuant to the Court's order, Click-to-Call selected eight claims of the '836 patent for trial. Dkt. 138 ¶ 1; Dkt. 139. Claim 27 is the only claim Click-to-Call selected for trial not invalidated during the IPR. *Id.*; Dkt. 194-2 at 2. Accordingly, claim 27 is the only claim still at issue in this action.

Click-to-Call requests leave to update its selections should the Court find that only claim 27 remains in this litigation. Dkt. 195 at 19. Because Click-to-Call has not provided good cause for leave to amend nearly eight years after its original selection of claims for trial, the undersigned recommends that Click-to-Call's request for leave to amend its Notice of Claims Selected for Trial be denied.

### 3. Validity

Next, Defendants argue that they are entitled to summary judgment because (1) there is no genuine dispute that the Dezonno patent anticipates claim 27, rendering it invalid, and (2) Click-to-Call is collaterally estopped from asserting the dependent claims of claims 1 and 12. Click-to-

Call contends that Defendants are precluded from challenging the validity of claim 27 in this action because the PTAB did not institute IPR on that claim.

Patents are presumed to be valid. *Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 662 (Fed. Cir. 2000). The party challenging the validity of a patent bears the burden of proving the factual elements of invalidity by clear and convincing evidence. *Pfizer v. Apotex, Inc.*, 480 F.3d 1348, 1359 (Fed. Cir. 2007). Although the burden of showing validity never shifts to the patentee, a patentee "would be well advised to introduce evidence sufficient to rebut that of the challenger" once a prima facie case for invalidity is made. *Id.* at 1360 (citing *Orthokinetics, Inc. v. Safety Travel Chairs, Inc.*, 806 F.2d 1565, 1570 (Fed. Cir. 1986)).

Anticipation under § 102 is a two-step inquiry. *Medichem, S.A. v. Rolabo, S.L.*, 353 F.3d 928, 933 (Fed. Cir. 2003). The first step is claim construction. *Id.*; *see also Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1351 (Fed. Cir. 2001) (stating that "[a] claim must be construed before determining its validity just as it is first construed before deciding infringement") (quoting *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 996 n.7 (Fed. Cir. 1995)). The second step is a comparison of the properly construed claim to the prior art. *Medichem*, 353 F.3d at 933.

To anticipate a claim, "a single prior art reference must expressly or inherently disclose each claim limitation." *Finisar Corp. v. DirecTV Grp., Inc.*, 523 F.3d 1323, 1334 (Fed. Cir. 2008). A claim limitation is inherently disclosed if it is necessarily present in the single anticipating reference. *Schering Corp. v. Geneva Pharms., Inc.*, 339 F.3d 1373, 1377 (Fed. Cir. 2003). If a "claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention," prior

9

art anticipates the patent. 35 U.S.C. § 102(a)(1). Judgment as a matter of law is appropriate when no reasonable juror could dispute the clear text of a prior art reference. *Finisar*, 523 F.3d at 1338.

Claim 27 recites the "method of claim 1, wherein the second information comprises an advertisement." Dkt. 194-7 at 26. Claim 1 recites, in part,

> A method for creating a voice connection over a circuit switched network between a first party and a second party using an on-line data service to initiate the connection, comprising the steps of:
>
> (a) establishing an electronic connection between the first party and the second party through the online data service between the first party and the second party . . . wherein the information publically [sic] accessible over the Internet is suitable for presentation within a graphical user interface of the data terminal of the first party, wherein the information publicly accessible over the internet includes:
>
> (1) first information characterizing the second party,
>
> (2) second information representing a communication from the second party . . . .

*Id*. at 25. Because claim 27 depends on claim 1, it includes the limitations of claim 1. *In re Lange*, 644 F.2d 856, 862 n.9 (C.C.P.A. 1981) (stating that "every dependent claim includes all limitations of the independent claim"). As discussed above, the PTAB found claim 1 invalid as anticipated by the Dezonno patent. Dkt. 194-3 at 27.

    a. **Claim Construction**

In its Consolidated *Markman* Order, the Court construed "second information representing a communication from a second party" in claim 1 to mean "a communication from a second party." Dkt. 137 at 8. Because "advertisement" is not a construed term, it is given its ordinary and customary meaning. *Ruckus Wireless v. Innovative Wireless Sols., LLC*, 824 F.3d 999, 1002 (Fed. Cir. 2016). Claim 27 therefore requires a communication from a second party that is an advertisement.

Click-to-Call argues that "Dezonno uses the word 'advertisement' in a commercial sense, not in the sense that the '836 Patent uses." Dkt. 195 at 14. Click-to-Call fails to explain why the term "advertisement" should not be given its ordinary meaning. "To act as its own lexicographer, a patentee must clearly set forth a definition of the disputed claim term other than its plain and ordinary meaning." *Aventis Pharma, S.A. v. Hospira, Inc.*, 675 F.3d 1324, 1330 (Fed. Cir. 2012) (citations omitted). Click-to-Call did not include "advertisement" in the claim terms to be construed by the Court. Dkt. 137. Nor do Click-to-Call's infringement contentions contain a narrowed definition of "advertisement" excluding commercial ventures. *See* Dkt. 194-4 at 27; Dkt. 194-5 at 30. Consequently, there is no support for Click-to-Call's argument that the Court should apply a narrowed definition of "advertisement" different from its ordinary meaning. *See Aventis*, 675 F.3d at 1330 (stating that a patentee must clearly express an intent to redefine a term's plain and ordinary meaning); *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1330 (Fed. Cir. 2003) ("It is axiomatic that claims are construed the same way for both invalidity and infringement.").

### b. Comparison to Prior Art

Figure 2 of the Dezonno patent teaches "an exemplary home page used for advertising by, for example, a business on the Internet." Dkt. 194-6 at 6. The abstract states that "the computer user views advertisements of the business' products or services on the Internet via customized home pages. When the user wishes to order a product or ask additional questions about a product, the user activates a 'call me' button." *Id.* at 2. Dezonno's specification also teaches advertisements:

- "Computer users are therefore able to quickly and easily review a multitude of products and services which are offered by businesses advertising on the Internet." *Id.* at 5.
- "[T]he success of direct response advertising depends greatly upon which the ease in which a potential customer can contact those selling the products or services." *Id.*

11

- "It is a feature of the present invention to provide a method for a computer user to easily and conveniently have a business advertising on a computer network, such as the Internet, call the computer user back over the telephone." *Id.* at 6.
- "Businesses on the Internet advertise on the World Wide Web using home pages. As is well known, home pages may include pictures of a product, descriptions of the product and a listing of a telephone number to call to ask questions or to order the product." *Id.*

Defendants have shown that Dezonno clearly anticipates claim 27's advertisement limitation.

To avoid the Dezonno patent as prior art, Click-to-Call attempts re-litigate the PTAB's final decision that independent claims 1 and 12 were invalid. Dkt. 195 at 5-13. As discussed above, however, Click-to-Call is estopped from challenged the PTAB's Final Written Decision on the IPR claims.

Click-to-Call also argues that Defendants are estopped from asserting the Dezonno patent as prior art against claim 27 due to the PTAB's refusal to institute IPR on that claim. *Id.* at 15-18. Click-to-Call misapplies the conditions for issue preclusion. Because the PTAB did not grant *inter partes* review to claim 27, the issue was not litigated in the IPR, and Defendants are free to assert that the Dezonno patent anticipates claim 27 in this litigation. *Shanbaum*, 10 F. 3d at 311.

Considering the totality of the evidence, the Magistrate Court finds that no reasonable juror could find that the Dezonno patent does not anticipate claim 27 of the '836 patent. Consequently, there is no triable issue of fact regarding the Dezonno patent's anticipation of claim 27, and the Court recommends that Defendants' Motion for Summary Judgment on Invalidity as to claim 27 be granted.

### IV.   Motion to Exclude Expert Testimony

Because the Court recommends a grant of summary judgment to Defendants, the Court further recommends that the District Court dismiss as moot Defendant Thryv, Inc.'s Motion to Exclude Certain Testimony and Opinions of Dr. Vijay K. Madisetti (Dkt. 212).

## V. Recommendation

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendants' Motion for Summary Judgment of Invalidity (Dkt. 194) and enter judgment for Defendants.

The undersigned **FURTHER RECOMMENDS** that Defendant Thryv, Inc.'s Motion to Exclude Certain Testimony and Opinions of Dr. Vijay Madisetti and Brief in Support (Dkt. 212) be **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Lee Yeakel.

## VI. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on August 4, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE