UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CLICK-TO-CALL | § | No. 1:12-cv-00465-DAE |
| TECHNOLOGIES LP, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | |
| INGENIO, INC., et al., | § | |
| *Defendants.* | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is a Report and Recommendation

("Recommendation") filed by United States Magistrate Judge Susan Hightower.

(Dkt. # 306.)  On June 14, 2024, Defendants Ingenio, Inc., Ether, and Thryv, Inc.

(collectively "Defendants" or "Thryv") filed a Motion for Summary Judgment of

Invalidity Based on Collateral Estoppel.  (Dkt. # 294.)  On the same day, Plaintiff

Click-To-Call Technologies LP ("Click-to-Call") also filed a Motion for Partial

Summary Judgment Regarding Infringement.  (Dkt. # 295.)

On January 7, 2025, Judge Hightower submitted a Report and

Recommendation, recommending that the Court deny both Defendants' Motion for

Summary Judgment and Plaintiff's Motion for Partial Summary Judgment.

(Dkt. # 306.)  On January 21, 2025, Defendants filed Objections to the

Recommendation regarding Defendants' Motion for Summary Judgment of

Invalidity Based on Collateral Estoppel. (Dkt. # 307.) On February 3, 2025, Plaintiff filed its response to Defendants' Objections. (Dkt. # 309.) On February 10, 2025, Defendants filed their reply in support of their Objections to the Recommendation. (Dkt. # 311.) On February 21, 2025, Plaintiff filed its Objections to the Recommendation regarding Plaintiff's Motion for Partial Summary Judgment on Infringement. (Dkt. # 308.) On February 4, 2025, Defendants filed their response to Plaintiff's Objections. (Dkt. # 310.) On February 14, 2025, Plaintiff filed a notice of supplemental authority. (Dkt. # 312.)

The Court finds this matter suitable for disposition without a hearing. After reviewing the Recommendation and the information contained in the record, the Court **ADOPTS** the Recommendation and **DENIES** Defendants' Motion for Summary Judgment of Invalidity Based on Collateral Estoppel (Dkt. # 294) and **DENIES** Plaintiff's Motion for Partial Summary Judgment Regarding Infringement. (Dkt. # 295.)

<u>BACKGROUND</u>

The Court agrees with Judge Hightower's recitation of the facts and incorporates them in full: The sole remaining claim in this case is Claim 27 of U.S. Patent No. 5,818,836 (the "'836 patent"). (Dkt. # 306 at 3.) On August 17, 2022, the Federal Circuit affirmed the Court's prior order limiting the case to Claim 27 but reversed the grant of summary judgment, holding as a matter of law that Thryv

was "estopped under 35 U.S.C. § 315(e)(2) from asserting anticipation of claim 27 by Dezonno, the only invalidity basis applied by the district court." <u>Click-to-Call Techs. LP v. Ingenio, Inc.</u>, 45 F.4th 1363, 1371 (Fed. Cir. 2022), <u>cert. denied</u>, 144 S. Ct. 71 (2023).  The Federal Circuit remanded for further proceedings.  (<u>Id.</u> at 3.)

APPLICABLE LAW

I.    <u>Review of Report and Recommendation</u>

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected.  <u>See</u> 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. <u>Thomas v. Arn</u>, 474 U.S. 140, 151 (1985).  A district court need not consider "[f]rivolous, conclusive, or general objections."  <u>Battle v. U.S. Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law.  <u>United States v. Wilson</u>, 864 F.2d 1219, 1221 (5th Cir. 1989).

II.    Summary Judgment

"Summary judgment is appropriate only if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Vann v. City of Southaven, 884 F.3d 307, 309 (5th Cir. 2018) (citations omitted); see also Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Bennett v. Hartford Ins. Co. of Midwest, 890 F.3d 597, 604 (5th Cir. 2018) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)). "The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" Nola Spice Designs, LLC v. Haydel Enter., Inc., 783 F.3d 527, 536 (5th Cir. 2015) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).

DISCUSSION

I.    Objections Regarding Estoppel

Under 35 U.S.C. § 315(e)(2), "[t]he petitioner in an inter partes review of a claim in a patent under this chapter that results in a final written decision . . . may not assert either in a civil action . . . or in a proceeding before the International Trade Commission . . . that the claim is invalid on any ground that the petitioner raised *or reasonably could have raised* during that inter partes review."

4

(emphasis added).  Collateral estoppel applies when "(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; (3) the previous determination was necessary to the decision; and (4) the party being precluded from relitigating the issue was fully represented in the prior action."  Jean Alexander Cosms., Inc. v. L'Oreal USA, Inc., 458 F.3d 244, 249 (3d Cir. 2006) (internal quotation marks and citations omitted).

In its motion for summary judgment, Thryv contends Click-to-Call is estopped from asserting that Claim 27 is valid "based on the long-held principles of common law collateral estoppel."  (Dkt. # 294 at 6.)  In response, Click-to-Call argues that IPR estoppel under 35 U.S.C. § 315(e)(2) bars Thryv's collateral estoppel argument.  (Dkt. # 300 at 10.)

The Magistrate Judge recommends that the Court apply IPR estoppel and deny Thryv's motion for summary judgment that Claim 27 is invalid as a matter of law.  (Dkt. # 306 at 9.)  The Magistrate Judge explains that Thryv challenged Claim 27 as invalid during the IPR and could have challenged it as invalid on remand based on the Patent Trial and Appeal Board's ("PTAB") holding that Claim 1 was invalid and Claim 27 is not materially different.  (Id.)  Finding that IPR estoppel applies to Thryv's motion, this Magistrate Judge did not address the collateral estoppel argument.  (Id.)

Thryv objects to this finding because it claims that the ground on which Defendants sought summary judgment—"the impact on Claim 27 of [the PTAB's] finding that Claim 1 was invalid"—is one that could not have been addressed by the PTAB. (Dkt. # 307 at 6.) Accordingly, Thryv argues the Court should overrule the Report's finding that IPR estoppel applies. (Id.) Thryv further spends a considerable portion of its objections discussing why collateral estoppel applies instead and bars Click-to-Call from asserting Claim 27. (Id. at 11–18.)

With respect to the collateral estoppel argument, as recent as February 10, 2025, the Federal Circuit addressed the following question: "whether a prior final written decision of the Board that certain patent claims are unpatentable precludes a patentee from asserting other claims from the same patent, even assuming the asserted claims are immaterially different from the unpatentable claims for purposes of invalidity." Kroy IP Holdings, LLC v. Groupon, Inc., No. 2023-1359, 2025 WL 440509, at *2 (Fed. Cir. Feb. 10, 2025). The Federal Circuit ultimately held that a prior final written decision of the PTAB of unpatentability on separate patent claims reached under a preponderance of the evidence standard cannot collaterally estop a patentee from asserting other, unadjudicated patent claims in district court litigation. Id. at *4. The Federal Circuit reasoned that collateral estoppel does not apply where there are differing burdens of proof at issue. Id. at *3. In an IPR proceeding, the petitioner has a burden to prove

unpatentability by a preponderance of the evidence, whereas the district court requires the higher burden of clear and convincing evidence for invalidity.  Id. Accordingly, the Court finds the Federal Circuit's recent holding forecloses Thryv's argument that the Magistrate Judge should have applied collateral estoppel to Click-to-Call's claims.

Moreover, with respect to the IPR estoppel argument, Click-to-Call responds to Thryv's objections that "Thryv does not deny that it could have argued that Claim 27 was immaterially different from Claim 1 as a ground of invalidity during the IPR."  (Dkt. # 309 at 2.)  Thryv replies that regardless of whether the "underlying question of Claim 27's patentability" could have been raised during the IPR on some other ground, IPR estoppel only applies here if Thryv could have argued Claim 27 was invalid *based on the ground of collateral estoppel* during the IPR or on SAS Inst., Inc. v. Iancu, 584 U.S. 357 (2018) remand.  (Dkt. # 311 at 3.) (emphasis added).

The Court does not read such a limitation into IPR estoppel application.  Indeed, the Federal Circuit has made clear that "[t]o give effect to the language 'reasonably could have raised,'" as used in § 315(e)(2), "estoppel applies not just to claims and grounds asserted in the petition and instituted for consideration by the Board, but to all grounds not stated in the petition but which reasonably could have been asserted against the claims included in the

petition.'" <u>Click-to-Call</u>, 45 F.4th at 1370; <u>see also</u> <u>Ironburg Inventions Ltd. v.</u>

<u>Valve Corp.</u>, 64 F.4th 1274 (Fed. Cir. 2023).

The Court agrees that Click-to-Call met its burden to show that the

invalidity argument Thryv makes in its summary judgment motion is barred by

IPR estoppel.  (Dkt. # 306 at 8.)  Click-to-Call highlights that Thryv had an

opportunity to present its argument that Claim 27 is invalid because it is not

materially different from Claim 1.  (Dkt. # 300 at 8.)  As the Federal Circuit has

recognized, the PTAB can address in an IPR whether claim limitations present

"materially different issues."  <u>See</u> <u>MaxLinear, Inc. v. CF CRESPE LLC</u>, 880 F.3d

1373, 1377–78 (Fed. Cir. 2018) (remanding IPR to the PTAB to "decide whether

the remaining claims present materially different issues that alter the question of

patentability, making them patentably distinct from [invalidated] claims").

Therefore, the Court **OVERRULES** Thryv's the Recommendation

regarding the application of IPR estoppel.  (Dkt. # 307 at 18.)

II.    <u>Objections Regarding Infringement</u>

Whether a product infringes is a question of fact.  <u>See</u> <u>Medgraph, Inc.</u>

<u>v. Medtronic, Inc.</u>, 843 F.3d 942, 949 (Fed. Cir. 2016).  "An infringement issue is

properly decided upon summary judgment when no reasonable jury could find that

every limitation recited in the properly construed claim either is or is not found in

the accused device . . . ."  <u>Gart v. Logitech, Inc.</u>, 254 F.3d 1334, 1339 (Fed. Cir.

2001); Medgraph, 843 F.3d at 949 ("[A] grant of summary judgment of noninfringement is proper when no reasonable factfinder could find that the accused product contains every claim limitation or its equivalent.").  The moving party "bears the burden of showing that there are no material facts in dispute, and all reasonable inferences must be resolved in the non-movant's favor."  Herman v. William Brooks Shoe Co., 7 F. App'x 941, 943 (Fed. Cir. 2001) (citing Rockwell Int'l Corp. v. United States, 147 F.3d 1358, 1361–62 (Fed. Cir. 1998)); McGinley v. Franklin Sports, Inc., 262 F.3d 1339, 1348 (Fed. Cir. 2001) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)) ("For purposes of the motion, '[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.'").

However, once the moving party has met its initial evidentiary burden, the non-moving party "can no longer rest on . . . mere allegations, but must set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken as true."  FastShip, LLC v. United States, 892 F.3d 1298, 1307-08 (Fed. Cir. 2018) (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992)) (internal quotation marks omitted); see Optivus Tech., Inc. v. Ion Beam Applications S.A., 469 F.3d 978, 990 (Fed. Cir. 2006) (noting that when a movant supports its motion with sufficient evidence to make a prima facie

showing, "the burden of production then shift[s] to [the nonmovant] to identify genuine issues that preclude summary judgment.").

In the Recommendation, Magistrate Judge Hightower determined that Click-to-Call "has not shown that it is entitled to judgment of infringement as a matter of law." (Dkt. # 306 at 11.) Judge Hightower reasoned that Click-to-Call failed to meet its burden to "make a prima facie showing of infringement as to each accused device before the burden shifts to the accused infringer to offer contrary evidence." L & W, Inc. v. Shertech, Inc., 471 F.3d 1311, 1318 (Fed. Cir. 2006).

Click-to-Call objects to the Magistrate Judge's Recommendation as to the denial of its Motion for Partial Summary Judgment Regarding Infringement. Specifically, Click to Call contends the Recommendation of denial erroneously hinges on (1) the unsupported idea that Click-to-Call did not demonstrate how the Accused Products infringed every claim element, and (2) improper speculation that Thryv might be able to rebut Click-to-Call's infringement case with unspecified testimony at trial. (Dkt. # 308 at 6.)

Addressing the first basis, to support its claim for infringement, Click-to-Call attached and pointed the Court to Dr. Vijay Madisetti's expert report and associated claim charts, which concluded that each accused product literally infringes Claim 27. (Dkt. # 295 at 3.) Click-to-Call claims that it identified its expert's conclusions finding infringement, addressed "the few disputed limitations

in its Motion," and included in the summary judgment record the full expert report "containing detailed analysis of all limitations." (Dkt. # 308 at 6.) And according to Click-to-Call, a "patentee's reliance on an expert report to demonstrate infringement is entirely appropriate when, as here, the expert opinions are unrebutted." (Dkt. # 308 at 7.)

Click-to-Call relies on <u>Fortinet, Inc. v. Sophos, Inc.</u>, No. 13-CV-05831-EMC, 2015 WL 6513655 (N.D. Cal. Oct. 28, 2015) to support its position that merely referencing its expert report finding infringement satisfies its burden to make a prima facie showing of infringement. In that case, the court granted the patentee's summary judgment on infringement of the contested patent where the patentee provided an expert report detailing how defendants infringed. <u>Id.</u> at *2–3.

Thryv relies on <u>Globespanvirata, Inc. v. Texas Instruments, Inc</u>, No. 03-2854GEB, 2005 WL 3077915 (D.N.J. Nov. 15, 2005), where the court concluded that during its infringement analysis, it would only address the individual claim limitations the defendants properly raised and argued in their moving brief and would "disregard any claim limitations that are raised in a conclusory manner, without any supporting argument in the brief, and which incorporate by reference argument contained in the expert declaration and claim chart." <u>Id.</u> at *1.

11

The Court also identifies <u>Tinnus Enterprises, LLC v. Telebrands Corp.</u>, No. 6:15-CV-00551-RWS, 2019 WL 2755859 (E.D. Tex. Apr. 16, 2019) as informative on this matter.  There, the plaintiff similarly only cited to its expert report of their technical expert to prove infringement at the summary judgment stage.  <u>Id.</u> at * 2.  The court concluded that this citation, without more, is insufficient.  <u>Id.</u>; <u>see</u> <u>Novartis Corp. v. Ben Venue Labs., Inc.</u>, 271 F.3d 1043, 1051 (Fed. Cir. 2001) ("If all expert opinions on infringement or noninfringement were accepted without inquiry into their factual basis, summary judgment would disappear from patent litigation.").  The court reasoned that it is not for the court to weigh the expert's credibility at the summary judgment stage.  <u>Berry v. Armstrong Rubber Co.</u>, 989 F.2d 822, 824 (5th Cir. 1993) ("In granting a motion for summary judgment, the district court is not to weigh the evidence or make credibility choices").  This Court agrees that a plaintiff's sole reference to an attached expert report is not sufficient to establish a prima facie showing of infringement at the summary judgment stage.

Next, Click-to Call objects on the basis that the Recommendation incorrectly presumes that Thryv can avoid summary judgment based on unsupported speculation about trial testimony.  (<u>Id.</u>)  The Recommendation provides that as the party lacking the burden of persuasion, Thryv may cross-examination Madisetti and rely on fact witnesses to defend against Click-to-Call's

allegation of infringement.  (Dkt. # 306 at 11.)  The Recommendation also

acknowledges Thryv's argument that it need not proffer independent expert

testimony to survive summary judgment.  (Id.)

Thryv contends that unless and until Click-to-Call makes a prima

facie showing of infringement, the burden does not shift to Thryv to offer contrary

evidence.  (Dkt. # 310 at 15.)  The Court agrees.  An accused infringer is allowed

to rely on the patentee failing to meet its ultimate burden of proof to demonstrate

infringement by a preponderance of the evidence.  Sci. Applications Int'l Corp. v.

United States, 169 Fed. Cl. 643, 724 (2024).  Moreover, an accused infringer is not

required to use expert testimony to disprove an infringement allegation.  Id.

Therefore, summary judgment of infringement is not automatically granted if an

accused infringer does not proffer rebuttal expert testimony.  Id. at 724–25.

Accordingly, the Court **OVERRULES** Click-to-Call's objection to

the Recommendation regarding its failure to make a prima facie showing of

infringement.  (Dkt. # 308 at 3.)

CONCLUSION

For the reasons above, the Court **ADOPTS** United States Magistrate

Judge Susan Hightower's Report and Recommendation in full as the opinion of

this Court.  (Dkt. # 306.)  Accordingly, Defendants' Motion for Summary

Judgment of Invalidity Based on Collateral Estoppel (Dkt. # 294) and Plaintiff's

13

Click-to-Call Motion for Partial Summary Judgment Regarding Infringement (Dkt.

# 295) are **DENIED.**

      **IT IS SO ORDERED.**

      **SIGNED**: Austin, Texas, February 26, 2025.

_____
David Alan Ezra
Senior United States District Judge